## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOYERTOWN AREA SCHOOL DISTRICT :    CIVIL ACTION
911 Montgomery Avenue                       :
Boyertown, Berks County             :   No. 09-2742
Pennsylvania 19512,                     :
                                        :
         Plaintiff Counter-Defendant    :
         v.                             :
                                        :
J.E.., by and through his parents, J.E. and A.E.,   :
and J.E. and A.E. in their own right,

         Defendants Counter-Plaintiffs         :

                                        :

## STIPULATION FOR APPROVAL OF
## MINOR'S COMPROMISE UNDER RULE 41.2

The parties have reached agreement to resolve all claims in the above-captioned case. Central to the case is the appropriate educational program and placement for a minor, the Defendant, J.E. His parents and Co-Defendants, J.E. and A.E., with the assistance and advice of the Defendant's counsel, believe the proposed settlement is in the best interests of J.E. The Plaintiff School District agrees and supports the proposed settlement. Accordingly, the parties enter into this Stipulation pursuant to Local Rule 41.2 in support of Court approval of the parties' settlement agreement. In further support of this stipulation, the parties state as follows.

1.     The parties' proposed Settlement Agreement is attached as Exhibit 1.

2.     The Defendant-minor, J.E., is currently 17 years of age.

3.     J.E., is now in his 10th grade year, at the Hill Top Preparatory School ("HTPS").

1

4.   J.E. has attended HTPS since his 9th grade year.

5.   HTPS has been found, by a Special Education Hearing officer, to be an appropriate placement for J.E.

6.   The parties have each concluded that the resolution of this matter, as set forth in the attached Settlement Agreement, will avoid further expenditure of litigation costs and that said settlement is a prudent resolution of this litigation.

7.   The proposed settlement also includes a reasonable fee payment to Defendants' counsel.

8.   No portion of the reasonable fee payment to Defendants' counsel will be derived from the public funds used to support J.E.'s placement at HTPS.

9.   To the contrary, the reasonable fee payment to Defendants' counsel are from separate sources.

10.   The proposed settlement agreement is acceptable to Defendants.

11.   The proposed settlement agreement is acceptable to the School District Administration and Solicitor and has been approved by the School Board as required by the Pennsylvania School Code.[1]

**WHEREFORE**, the Defendants, J.E. a minor, and J.E. and A.E., as guardians and natural parents of J.E. and individually in their own right, and Plaintiff, Boyertown Area School District, request that the Court approve the proposed Settlement Agreement pursuant to Local Rule 41.2.

---

[1]   The Pennsylvania School Code, 24 P.S. § 508-8, requires approval of such agreements by the Board of School Directors by vote at a public meeting.

LAW OFFICES OF FREDERICK M. STANCZAK
BY:

FOX ROTHSCHILD, LLP
BY:

Frederick M. Stanczak, Esquire
Pennsylvania Attorney I.D. No. 27773
*Attorney for Defendants*
179 North Broad Street
Doylestown PA 18901
(215) 830-5000

Timothy E. Gilsbach, Esquire
Pennsylvania Attorney I.D. No. 92855
Mark W. Fitzgerald, Esquire
Pennsylvania Attorney I.D. No. 93635
*Attorneys for Boyertown Area School District*
Ten Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA 19422-3001
(610) 397-6500

Dated: April 5, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOYERTOWN AREA SCHOOL DISTRICT     :     CIVIL ACTION
911 Montgomery Avenue     :
Boyertown, Berks County     :     No. 09-2742
Pennsylvania 19512,     :
    :     Hon. James Knoll Gardner

       Plaintiff Counter-Defendant     :

       v.     :
    :
J.E.., by and through his parents, J.E. and A.E.,     :
and J.E. and A.E. in their own right,

       Defendants Counter-Plaintiffs     :

    :

## ORDER

And now, on this 14th day of _April_, 2010, upon consideration of

Stipulation for Approval of Minor's Compromise Under Rule 41.2, supporting approval

of settlement:

IT IS HEREBY ORDERED, that the settlement that has been reached by the

parties, as set for in Exhibit "1" to the parties' Stipulation, is hereby APPROVED.

BY THE COURT

Henry S. Perkin,    J.

Dated: _April 14, 2010_

4

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT (hereinafter "*Agreement*") is entered by and between *John Ehritz and Arleen Ehritz*, adult individuals residing at 151 Hoffman Road, Barto, Pennsylvania, 19504, (hereinafter "*Parents*"), on behalf of themselves and their minor child, *Johnathan Ehritz* (hereinafter "*Student*") and the *Boyertown Area School District*, a Pennsylvania public school district, with administrative offices at 911 Montgomery Avenue, Boyertown, Pennsylvania 19512-9699 (hereinafter "*District*").

WHEREAS, Parents and Student are presently residents of the District; and

WHEREAS, Student is presently 17 years of age, having a date of birth of October 11, 1992, and is eligible as a child with a disability and in need of special education; and

WHEREAS, on or about September 29, 2008, Parents filed a request for due process at ODR No. 9301-08-09 KE, seeking tuition reimbursement for Student's placement at Hilltop School ("*Hilltop*"); and

WHEREAS, between November 17, 2008 and February 6, 2009, six (6) special education due process hearing sessions were held before Hearing Officer Anne L. Carroll, Esquire; and

WHEREAS, on March 19, 2009, Hearing Officer issued her decision in favor of Parents ordering the District to reimburse Parents for the costs of tuition at Hilltop and transportation to Hilltop for the 2008-2009 school year; and

WHEREAS, on June 17, 2009, District filed a Complaint against Parents in the United States District Court for the Eastern District of Pennsylvania, docketed at Civil Action No. 09-02742; and

EXHIBIT 1

**WHEREAS**, in an effort to resolve the any and all claims resulting from the Parents' due process hearing request and the District Court action, the parties have agreed to resolve the dispute concerning Student's educational program based on the terms listed below.

On this _9 th_ day of _March_, 2010, upon consideration of the mutual promises contained herein and intending to be legally bound hereby, Parents and District agree as follows.

1.  The parties agree to abide by Hearing Officer Carroll's decision dated March 19, 2009, and the District will withdraw the District Court Complaint filed at Civil Action No. 09-02742.

2.  The District, through its insurance carrier and subject to insurance carrier approval, agrees to pay Parents' reasonable attorneys' fees in the amount of THIRTY-SEVEN THOUSAND, FIVE HUNDRED DOLLARS AND ZERO CENTS ($37,500.00). Payment shall be issued by check payable to "Frederick M. Stanczak, Esquire", 179 North Broad Street, Doylestown, Pennsylvania 18901. Payment shall be made within thirty (30) calendar days of the final party approval.

3.  The parties agree that this Settlement Agreement will be submitted to Judge James Knoll Gardner for approval. Judge James Knoll Gardner shall retain jurisdiction for purposes of enforcing this Agreement. If a party brings an action to enforce the Agreement and prevails, that party shall be entitled to reimbursement for attorney's fees.

4.  Parents, on behalf of themselves and their minor child, Student, their heirs and assigns, do hereby release, hold harmless and discharge District, its directors, employees and agents, their successors and assigns from any claims, damages of all kinds (including without limitation, compensatory, consequential, punitive and exemplary damages), fees (including

2

claims for attorney's fees), costs, expenses, liabilities (including liability for compensatory education and/or tuition reimbursement), judgments, decrees, awards, obligations, contracts, torts, demands, causes of action or suits, at law or in equity, of whatever character, known or unknown, fixed or contingent, whether asserted or unasserted, that Parents, in their individual capacities and/or on behalf of the minor child, Student, ever had, now have, or hereafter can, shall or may have, arising out of or related in any way to the District's obligation to provide educational programming, services and evaluation to Student and/or any other claims arising from or related to, and including but not limited to, the Individuals with Disabilities Education Act, as amended, 20 U.S.C. §1401 et seq. and its implementing regulations, 34 C.F.R. Part 300; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 and it implementing regulations, 34 C.F.R. Part 104; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq. and its implementing regulations; the Civil Rights Act of 1871, as amended, 42 U.S.C. §§1983, 1985; the Civil Rights Attorney's Fee Award Act of 1976, as amended, 42 U.S.C. §1988; the United States Constitution; the Pennsylvania Constitution; the Pennsylvania Public School Code of 1949, as amended, 24 P.S. §1-101 et seq.; the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 et seq.; Chapter 14 of the Regulations of the Pennsylvania State Board of Education, relating to special education services and programs, 22 Pa. Code Chapter 14; and Chapter 15 of the Regulations of the Pennsylvania State Board of Education, 22 Pa. Code Chapter 15, from the beginning of the world through the end of the 2008-2009 school year.

5. This Agreement settles disputed issues of fact and law. Parents agree and acknowledge that this Agreement is not and shall not be construed to be an admission of a violation of any federal, state or local statute or regulation or any legal duty owed by District, its

3

directors, employees and agents, to Student, or otherwise as an acknowledgment of fault or liability on the part of any party, including District, its directors, employees and agents. Moreover, nothing in this Agreement shall be deemed to establish a policy, practice or custom of the District concerning the provision of special education, compensatory education, related services, tuition reimbursement or other matters covered by this Agreement.

6. Parents agree that the terms and conditions of this Agreement shall remain confidential and neither Parents nor District shall reveal the terms and conditions of this Agreement to any third party, without prior written consent of the non-disclosing party, or in the absence thereof, an appropriate order of court or administrative hearing officer. Notwithstanding the foregoing, District may provide a copy of this Agreement to federal, state and/or local auditors and/or other agents and employees of the United States or Pennsylvania Departments of Education and/or any insurance company, including its brokers, agents and representatives, which provides insurance coverage to District, if requested by said party or parties. Parents may discuss the terms and conditions of this Agreement with counsel and financial advisors. Parents and District may disclose the terms and conditions of this Agreement to effectuate the terms of the agreements herein. Further, this Agreement shall be admissible in any court action or administrative proceeding to enforce this Agreement or otherwise related to the terms and conditions of this Agreement. The right to maintain such an action, if necessary, is expressly reserved by the parties.

7. Parents warrant (a) that they have received written notification of their rights under state and Federal laws as Parents of a child with disabilities, (b) that they are fully aware of these rights and of the extent to which they are waiving them in this Agreement, (c) that they are fully aware that they are waiving rights on behalf of the Student, (d) that they have consulted

4

with counsel concerning his rights and this Agreement or has had the opportunity to do so for at least a period of 14 days, and (e) that they are signing this Agreement, including a waiver of important rights, voluntarily.

8. Both parties have read and negotiated the language used in this Agreement, and the parties agree that because all parties participated in negotiating and drafting this Agreement, no rule of construction shall apply to this Agreement that construes ambiguous language in favor of or against any party by reason of that party's role in drafting this Agreement.

9. In the event the parties do not sign this Agreement contemporaneously, the date of execution of this Agreement shall be deemed to be the date on which the last party signed this Agreement.

IN WITNESS WHEREOF, the parties have set their hands and seals.

**CAUTION: READ THIS ENTIRE AGREEMENT, WHICH CONSISTS OF NINE (9) PARAGRAPHS, BEFORE SIGNING YOUR NAME BELOW**

Witness

Date Feb 24, 2010

Witness

Date Feb 24, 2010

Witness

Date: March 9, 2010

**John Ehritz,**
*individually and as Parent and natural guardian of Johnathan Ehritz*

**Arleen Ehritz,**
*individually and as Parent and natural guardian of Johnathan Ehritz*

**BOYERTOWN AREA SCHOOL DISTRICT**

By:

5